**Sergei KOVALEV, Appellant**

v.

**CITY OF PHILADELPHIA; Joseph Flanagan; Terrence Dillon; Angel L. Franqui, Jr.**

No. 09–2479.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 21, 2010.

Opinion filed: Jan. 26, 2010.

Sergei Kovalev, Philadelphia, PA, pro se.

Kelly S. Diffily, Esq., Suzanne Reilly, Esq., Genelle Franklin, City of Philadelphia Law Department, Philadelphia, PA, for City of Philadelphia, Joseph Flanagan; Terrence Dillon; Angel L. Franqui, Jr.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Sergei Kovalev, proceeding *pro se*, appeals from the District Court's entry of summary judgment in favor of Appellees. For the reasons that follow, we will affirm.

On November 19, 2007, Kovalev initiated the underlying civil rights action in the United States District Court for the Eastern District of Pennsylvania. The detailed factual and procedural background of this action is set forth in the District Court's

comprehensive opinion of April 29, 2009, 2009 WL 1162782. Essentially, Kovalev alleged that employees of the City of Philadelphia acted both individually and in concert to deprive him of his rights under the First, Fourth, Eighth, Ninth and Fourteenth Amendments, and that the City itself failed to properly select the most appropriate employees and to properly train, control and supervise the acts of those employees it did hire. After a period of discovery, the District Court granted Appellees' motion for summary judgment on all of these claims, concluding that Kovalev failed to produce evidence that any alleged wrongful acts on the part of the City amounted to a policy or custom; that any *attempt* by Jones–Culbreth to search his property did not constitute a violation of the Fourth Amendment; that he was not deprived of his right to procedural due process in light of the availability of judicial review of decisions of the Philadelphia Department of Licenses & Inspections ("DL & I"), which he in fact availed himself of; that Kovalev failed to substantiate his claims of an equal protection violation, as he did not present any evidence other than his own accusations that he was treated differently than other similarly situated individuals; that the filing of two Municipal Court complaints against his corporation by an attorney employed by the City of Philadelphia Law Department four days after he sent letters to former Mayor Street and DL & I Commissioner Robert Solvible was, on its own, insufficient to demonstrate retaliation within the meaning of the First Amendment; that Kovalev offered no evidence that the City or any of its employees interfered with his free exercise of religion; that he failed to allege facts sufficient to demonstrate the existence of a conspiracy among city employees to deprive him of equal protection of the laws; and finally, that each of the Appellees, in their individual capacities, were entitled to qualified immunity, as Kovalev failed to establish that any of them had violated a clearly established constitutional right in the performance of their jobs. Based on the foregoing, the District Court entered summary judgment in favor of Appellees. Kovalev timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. *See Norfolk Southern Ry. v. Basell USA Inc.,* 512 F.3d 86, 91 (3d Cir.2008). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Kovalev contests the District Court's conclusions that an attempted warrantless search cannot violate the Fourth Amendment; that he failed to present evidence sufficient to demonstrate that DL & I treated him differently than other similarly situated individuals; that timing alone was insufficient to support his retaliation claim; and that the individual employees named in this action were entitled to qualified immunity. While the undisputed facts in this lawsuit indicate that Kovalev was involved in a protracted dispute with several officials and employees of the City of Philadelphia regarding the status of the corporations registered to his home address, the back taxes allegedly owed by those corporations, and the legal standing of the improvements made to his property, Kovalev's attempts to weave these threads into a web of corruption, extortion, and sundry other violations of his federal constitutional rights based on his own speculation and conjecture is insufficient to defeat Appellees' motion for summary judgment.

We have considered all of Appellant's arguments on appeal and conclude that they are without merit. Accordingly, we will affirm the judgment of the District Court. Appellees' motion to strike "Exhibit C" to Appellant's supplemental appendix is granted. While Appellant argues that the letter contained in Exhibit C was offered simply to prove that it was within the City's possession at the time the two Municipal Court complaints were filed, the letter was not provided to the District Court for this purpose and therefore we cannot consider it at this time. *See Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150, 1165 (3d Cir.1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.").